# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:13-cr-00033-JRS-CMM-1 |
| vs. ) | |
| ) | |
| CHRIS A. LOWERY, ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

On February 26, 2021, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on February 11, 2021. Chris A. Lowery ("Defendant") appeared with FCD counsel, Michael Donahoe. The Government appeared by Kelsey Massa, Assistant United States Attorney. U. S. Probation appeared by Officer Katrina Sanders. The Court reconvened this matter on March 1, 2021, for a detention hearing.

The parties advised the Court at the outset of the detention hearing that an agreement was reached by which the defendant would admit Violation #1 in the petition Docket No. [31] and the Government would dismiss Violations #2 and #3. The parties did not reach agreement with regard to the appropriate disposition and elected to argue their respective positions to the Court.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant did not waive his right to a preliminary hearing and a

preliminary hearing was conduct February 26, 2021. The Court found probable cause to proceed on the Petition. The defendant was advised that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

2. After being placed under oath, Defendant admitted Violation No. 1. Docket No. [31].

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation Number** **Nature of Noncompliance**

1. "The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."

    On February 10, 2021, the offender admitted to this officer he was in possession of an unauthorized smartphone.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

    (b) Defendant's criminal history category is **IV**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **6 to 12** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a) The Defendant violated the supervised release condition as alleged in Violation #1;

(b) Violations #2 and #3 shall be dismissed;

(c) The Magistrate Judge recommends that the defendant be sentenced to incarceration for a period of 90 days after which supervised release shall resume;

(d) The basis for the recommendation follows:

The defendant began supervised release on January 13, 2021 and was alleged to be in violation of the terms of supervised release in less than a month. The violations all stemmed from possession of unauthorized internet-enabled devices. The evidence was that the defendant accessed pornographic material on one or more of those devices.

At the hearing, defense counsel proffered that the defendant had been housed at VOA for many months prior to starting his supervised released in January (approximately 11 months for a transitional period from a multi-year sentence at a BOP facility). The defendant's residency at VOA was apparently uneventful until shortly after supervised release started and the VOA and USPO discovered the defendant had possessed an unauthorized device. VOA promptly disqualified and evicted him. This petition followed.

In no way should this recommendation below Sentencing Guidelines (in this case, six to 12 months) be read as an endorsement of the defendant's conduct. It no doubt will be an ongoing struggle to conform to the rules and avoid any violation of the terms of supervised release. On the other hand, the defendant actually located employment during the transitional phase at VOA, and as he contends, that is no small feat for a person classified as a sex offender. There is evidence of family support to assist him in locating housing. There are indications he can resume his former work or at least locate new work. Follow through on these critical steps, with the ongoing support and supervision of the U. S. Probation Office, have the potential to guide defendant through re-entry after an extended prison sentence.

The Magistrate Judge views this as an extension of mercy for someone whose violation occurred in the first weeks of supervised release. While not a good sign, defendant's conduct during the transitional period reflect steps toward

rehabilitation.  Whether the defendant deserves or has earned such a "break," only time will tell, but my judgment is that he should have that chance after a comparatively short period of detention.

(b) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

(c) The Magistrate Judge further recommends that the defendant remain on supervised release for the entirety of the period set forth in Judge Lawrence's original sentence, i.e., 120 months.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have 14 days from the date of this order to file objections for the consideration of the District Judge.


Dated:  March 1, 2021

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system